

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

FILED
IN CLERKS OFFICE
2004 FEB 13 P 1: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (508) 368-0100*
*Facsimile: (508) 756-7120*

*Donohue Federal Building*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

December 9, 2003

**BY FAX**
John E. Wall, Esq.
1 Commercial Wharf West
Boston, MA 02110

  Re: <u>United States v. Dwayne A. Davidson</u>
    Criminal No. **03-40040-NMG**

Dear Mr. Wall:

  This letter sets forth the Agreement entered into between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, defendant Dwayne A. Davidson ("Defendant") in the above-captioned case. The Agreement is as follows:

  1. <u>Change of Plea</u>

  Defendant shall waive Indictment and plead guilty to an Information charging him in Count 1 with willfully and knowingly making false statements in an application for a United States passport, in violation of Title 18, United States Code, Section 1542. Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crime charged in the Information, and is in fact guilty of the offense.

2. **Penalties**

Defendant faces the following maximum penalties:

<u>Count 1</u>
- 10 years in prison; and/or
- A fine up to $250,000;
- 3 years of supervised release; and
- $100 mandatory special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Naturalization Service as a consequence of his conviction of the offenses to which he is pleading guilty.

3. **Sentencing Guidelines**

The U. S. Attorney will take the following positions at sentencing with regard to offense conduct, and adjustments thereto, under the United States Sentencing Guidelines (as amended November 1, 2003):

a) Pursuant to U.S.S.G. §2L2.2(a), the base offense level is 8;

b) No other adjustments under §2L2.2 are warranted;

c) Based on Defendant's prompt acceptance of personal responsibility for the offense in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1(a). Defendant expressly understands that the Court is not obligated to accept the U.S. Attorney's recommendation on such a reduction.

The U.S. Attorney reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if Defendant:

(1) Fails to admit a complete factual basis for the plea at the time it is entered;

(2) Denies involvement in the offense specified in paragraph one or gives conflicting statements about her involvement, or is untruthful with the Court or U.S. Probation Office;

(3) Denies criminal responsibility for the conduct

2

charged in the offenses specified in paragraph one, such as by claiming that such conduct was the result of negligence or mistake;

(4) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case after the date she enters into this Agreement;

(5) Engages in acts after the execution of this Agreement which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(6) Intentionally fails to appear in court or violates any condition of release;

(7) Engages in criminal conduct after the date he enters into this Agreement;

(8) Transfers any asset protected by another provision of this Agreement; and/or

(9) Attempts to withdraw his guilty plea or otherwise acts in a manner which is materially inconsistent with acceptance of responsibility for the offense in this case after the date he enters into this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

a) incarceration at the low-end of the applicable guideline sentencing range, or time-served, whichever is greater;

b) a fine at the low end of the applicable guideline range, unless the court finds pursuant U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

3

      c)     no restitution;

      d)     $100 mandatory special assessment;

      e)     supervised release of three years, and as a special condition of supervised release, if Defendant is deported from the United States, then he shall not re-enter the United States without the written approval of the Attorney General of the United States.

The U.S. Attorney and Defendant agree that there is no basis, except as provided below, for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement. In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the special assessment due in this case at the time this Plea Agreement is executed by returning a check payable to the Clerk of the United States District Court in the full amount of the mandatory special assessment with the executed Plea Agreement letter.

6.     <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the

Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing Court's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may have been made by him, and any information, materials, documents or objects provided by him to the government pursuant to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John M. Hodgens, Jr.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Crim. Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Dep. Chief, Crim. Division

JOHN M. HODGENS, Jr.
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter, or I have had this letter read to me in my native language, in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Dwayne Davidson*
Dwayne A. Davidson
Defendant

Date: December 11-03

I certify that DWAYNE A. DAVIDSON has read this Agreement, or has had this Agreement read to her in her native language, and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*John Wall*
John E. Wall, Esq.
Counsel for Defendant

Date: _____



DEC 16

8